### MANIAGO v WHITE

Ohio Appeals, 9th Dist, Lorain Co

No 639. Decided May 19, 1933

Milton Friedman, Lorain, for plaintiff in error.

A. W. Ginninger, Lorain, for defendant in error.

STEVENS, J.

This cause comes into this court upon error proceedings from the Court of Common Pleas of Lorain County.

Plaintiff in error was ordered by the trial court "to be imprisoned in the county jail of Lorain County, Ohio, until the amount formerly found due by the court from the defendant, David Maniago, to the plaintiff is paid."

The alleged contempt arose from the failure of plaintiff in error to pay to defendant in error a judgment rendered against him in an accounting action.

The record, meager as it is, discloses that no testimony was taken at the contempt hearing.

Two questions are presented:

1. In the absence of a prior order of a court finding plaintiff in error able and ordering him to pay money, can he be committed, under §12143, GC, until he does pay?

2. Does such commitment violate §15, **Art. I, of the Constitution of the State of Ohio?**

The first question has been heretofore answered by this court in the case of the **Union Trust Co. v Monroe et—In Re Leubetz, 34 Oh Ap 47,** wherein it was held as follows:

"In the absence of a prior judgment or order of a court finding one able and ordering him to pay money, a presumption does not arise, in a proceeding in contempt for failure to pay, that he is able to pay the

same; and that fact must be proved by competent evidence to justify an order, under §12143, GC, committing him to jail until he does pay."

An examination of the second question leads us to the conclusion that the order made herein is an attempt to imprison for debt, the obligation in question being a judgment against plaintiff in error, and that said order accordingly does contravene §15, Art. I, of the Constitution of the State of Ohio.

Judgment reversed, and final judgment dismissing the contempt proceedings entered, at costs of defendant in error. Cause remanded to carry the above order into effect.

WASHBURN, PJ, and FUNK, J, concur in judgment.